**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MING HUANG CHEN,** | : | **CIVIL ACTION NO. 3:26-2266** |
| **Petitioner** | : | **(JUDGE MANNION)** |
| **v.** | : | |
| **WARDEN, Clinton County Correctional Facility, *et al.*,** | : | |
| **Respondents** | : | |

**MEMORANDUM**

Pending before the court is petitioner Ming Huang Chen's ("Chen") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, the petition will be **GRANTED** insofar as he requests a bond hearing.

## I. BACKGROUND

Petitioner Ming Huang Chen is a citizen of China. (Doc. 7-1 at 1). He entered the United States in 2000 at an unknown location. *Id.* at 2; (Doc. 1 at 7). On August 27, 2025, Chen was convicted of conspiracy to bring prohibited goods, specifically raw goose and duck intestines and duck-blood products from China, into the United States by fraud, in violation of 18 U.S.C. §371, and sentenced to six months imprisonment. (Doc. 7-1 at 2); (Doc. 7 at 2).

Following his sentence, Chen was detained by Immigration and Customs Enforcement ("ICE") on April 24, 2026. (Doc. 1 at 12, ¶48). He is charged in a Notice to Appear as an alien present in the United States without being admitted or paroled and as an alien convicted of a conspiracy to convict a crime of moral turpitude, in violation of §§212(a)(6)(A)(i) and (a)(2)(A)(i)(I) of the Immigration and Nationality Act ("INA"). (Doc. 7-2 at 4). He is currently detained under 8 U.S.C. §1226(c) at the Clinton County Correctional Facility in McElhattan, Pennsylvania.

On August 7, 2026, Chen filed the present petition for habeas corpus. (Doc. 1). On August 13, 2026, Respondents filed their response to the petition. (Doc. 7). On August 24, 2026, Chen filed a reply to their response. (Doc. 10). The petition is now ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III. DISCUSSION

### a. Jurisdiction

The court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states that "[e]xcept as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. §1252(g). Here, the court's jurisdiction is not barred by §1252(g) as the petition neither challenges the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions").

§1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien

from the United States . . . shall be available only on judicial review of a final order [of removal].” 8 U.S.C. §1252(b)(9). Here, the court’s jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec’y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) “does not reach claims that are independent of, or wholly collateral to, the removal process”).

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the court’s jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a discretionary detention choice. *See Patel v. O’Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) (“section 1252(a)(2)(B)(ii) is inapposite because the Respondents’ ‘statutory detention power is “not a matter of discretion” to which §1252(a)(2)(B)(ii) applies’”) (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing “have almost universally held that they have jurisdiction,” and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, as Chen is detained under 8 U.S.C. §1226(c), which precludes immigration judges from holding a bond hearing. *See id.*; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) (holding that an immigration judge "has no authority to consider bond requests for any person who entered the United States without admission").

**c. Chen's detention under 8 U.S.C. §1226(c) is proper**

8 U.S.C. §1226(c)(1)(A) provides that "[t]he Attorney General shall take into custody any individual who . . . is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. §1182(a)(2)(A)(I) covers "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a crime involving moral turpitude . . . or an attempt or conspiracy to commit such a crime." While what constitutes "a crime involving moral turpitude" is an oft-litigated, highly contested issue, it is not

so here, as longstanding precedent establishes that crimes involving fraud constitute crimes involving moral turpitude. *See Jordan v. De George*, 341 U.S. 223, 232 (1951) ("crimes in which fraud was an ingredient have always been regarded as involving moral turpitude . . . The phrase 'crime involving moral turpitude' has without exception been construed to embrace fraudulent conduct").

Here, Chen is detained because of a conviction for conspiracy to bring prohibited goods into the United States by fraud. Accordingly, he is properly detained under §1226(c), as his conviction constitutes a crime involving moral turpitude.

**d. Chen's detention under 8 U.S.C. §1226(c) violates due process**

"To determine whether prolonged detention is unreasonable, a 'highly-specific-fact-inquiry,' this Court must consider 'a nonexhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable.'" *Rahmatov v. Lowe*, 2026 WL 837974, *2 (M.D.Pa. Mar. 26, 2026) (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210-11 (3d Cir. 2020)). "The most important factor is the duration of detention." *German Santos*, 965 F.3d at 211. Duration is "evaluate[d] . . . along with all other circumstances," including: (1) "whether the detention is likely to continue," (2) "the reasons for the delay," and (3) "whether the alien's

conditions of confinement are 'meaningfully different[ ]' from criminal punishment." *Id.* (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 476-77 (3d Cir. 2015)).

With respect to Chen's duration of detention, he has been in immigration custody since April 24, 2026—just over four months. (Doc. 1 at 12, ¶48). In *German Santos*, the Third Circuit noted that "detention becomes more and more suspect after five months," and that "detention became unreasonable sometime between six months and one year." *Id.* Therefore, this factor weighs against Chen, as he has only been detained for approximately four months.

The court must also consider whether Chen's detention is likely to continue. *German Santos*, 965 F.3d at 211. The court finds that it is, as an appeal of Chen's order of removal remains pending. Indeed, Respondents do not argue that his appeal will be decided any time soon.

As for the reasons for delay, however, neither party is responsible. The appeals process simply takes time. Accordingly, this factor neither weighs in favor of nor against relief.

Finally, the court finds that Chen's conditions of confinement are not meaningfully different from criminal punishment. Indeed, the court notes that Respondents do not argue to the contrary in their response to the petition,

instead opting to ignore the factor altogether. (Doc. 7). Chen is currently detained at the Clinton County Correctional Facility, a Pennsylvania state prison that houses criminals, i.e., not an immigration detention facility. The mere fact that Chen, a civil immigration detainee, is housed in a criminal facility among criminals suffices to show that his conditions of confinement do not meaningfully differ from criminal punishment. Where, as here, "civil detention under § 1226(c) looks penal, that tilts the scales toward finding the detention unreasonable." *German Santos*, 965 F.3d at 211.

Thus, upon weighing the *German Santos* factors, the court finds that Chen's detention under 8 U.S.C. §1226(c) violates his due process rights. The nature of Chen's detention and the likelihood of detention continuing weigh in Chen's favor, while only the length of detention weighs in the Government's favor, though that will likely change in a mere two months. Accordingly, Chen is entitled to a prompt and individualized bond hearing, where an immigration judge can determine whether he is entitled to release pending the disposition of his appeal, or whether he constitutes a danger to the community or flight risk, such that he should remain in detention.

## IV. CONCLUSION

For the foregoing reasons, Chen's petition for habeas corpus will be **GRANTED** insofar as he requests a bond hearing. An appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 8/28/26
26-2266-01